UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN KNOWLES,

        **Plaintiff,**

    v.

CORE CIVIC ASSOCIATION, *et al.*,

        **Defendants.**

Case No. 2:20-cv-6277
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on March 15, 2021, recommending dismissal of the Complaint in its entirety. (ECF No. 12.) Plaintiff objected to the Report and Recommendation. (ECF No. 15.) For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** the case.

### I.    BACKGROUND

Plaintiff Steven Knowles is a state inmate under the supervision of the Ohio Department of Rehabilitation and Corrections ("ODRC"). He brings this action as a pro se litigant against the ODRC, Core Civic Association ("Core Civic"), the Warden of the Northeast Ohio Correctional Center ("NEOCC Warden"), Brian Whittrup, Vince Vantell, Ryan Wyman, Michael Birch, and Amy Sweezy-Milhoun. (Compl., ECF No. 11.) Plaintiff alleges violations of his Constitutional rights and state law claims, and seeks compensatory and punitive damages as well as declaratory and injunctive relief. (*Id.*)

This action arises from a series of events during Plaintiff's incarceration at the North East Ohio Correctional Center (NEOCC) in Youngstown, Ohio, which is operated by the private

company, Core Civic. First, Plaintiff alleges that he was wrongfully disciplined at NEOCC in May 2018 for violating an institutional rule prohibiting the possession of contraband. Specifically, Plaintiff alleges that he was disciplined for having a cell phone that Defendant Wyman directed Plaintiff's cellmate to plant on him. Plaintiff further alleges that he did not receive a fair hearing because, before the hearing took place, Defendant Birch told prison staff that Plaintiff would be found guilty. In addition, Defendant Wyman allegedly coerced Plaintiff's cell mate to recant earlier statements admitting that he owned the cell phone. (*Id.* at 2.)

Second, Plaintiff alleges that Defendant Wyman delivered mail to him that had been opened outside of his presence in April 2018. Plaintiff also claims that Defendant Wyman denied him access to his personal email account even though he had permission from NEOCC to use it and needed it to print documents for pending legal cases. (*Id.* at 3.)

Third, Plaintiff alleges that he received inadequate medical care from NEOCC when he staged a hunger strike in May 2018. (*Id.* at 4.)

Fourth, Plaintiff alleges that, in August 2018, he was forced to stand for several hours in a phone booth sized cage that smelled like urine while NEOCC staff planted a homemade weapon and a cell phone outside his cell. Despite another inmate admitting that he owned the weapon, and a staff member reporting to Defendant Birch that the items were not found in Plaintiff's cell, he was placed in restrictive housing for two weeks. Plaintiff further alleges that Defendant Vantell set him up in a separate incident to be punished for using a cell phone to harass another person in September 2018. (*Id.* at 4–5.)

Fifth, Plaintiff alleges that NEOCC staff slandered and defamed him in conduct reports. He avers that Defendants Yauger, Vantell, Wyman, and Birch punished him excessively for allegedly using a cell phone to harass another by recommending an increase to Plaintiff's security

status level even though the hearing had not yet occurred. He further alleges that Defendants Vantell and Birch expedited the hearing since Plaintiff's security level increased. As a result of the hearing, Plaintiff was placed in limited privilege housing and subject to phone restrictions in October 2018. While in limited privilege housing, Plaintiff avers that there was fecal matter everywhere and NEOCC staff failed to clean properly. (*Id.* at 4–6.)

Plaintiff asserts constitutional claims under the Eighth and Fourteenth Amendments in violation of 42 U.S.C. § 1983, and state law claims of medical malpractice, slander, and defamation. The Magistrate Judge determined that since Plaintiff's factual allegations occurred in Youngstown, which is situated in the Northern District of Ohio, venue may not be proper in this Court. She concluded, however, that it would not be in the interests of justice to transfer Plaintiffs claims and instead recommends dismissal.[1]

## II. STANDARD OF REVIEW

The district court reviews objections to a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1). Objections to a report and recommendation "must be clear enough to enable to the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Prison Litigation Reform Act requires the Court to dismiss any portion of the complaint *sua sponte* "that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); 28 U.S.C. § 1915A(b)(1). The Court must also dismiss any portion of the Complaint that "seeks monetary relief from a defendant who

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a).

is immune from such relief." 28 U.S.C. § 1915(A)(b)(2). In determining whether the complaint fails to state a claim upon which relief can be granted, courts apply the same standard used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Also, "[liberal] construction of pro se complaints can include additional allegations set forth in objections to the Magistrate Judge's R&R at the discretion of the district court." *Id.*

### III. ANALYSIS

The Magistrate Judge recommends that this Court dismiss each of Plaintiff's claims under § 1915(e)(2) and § 1915A(b)(1) for failure to state a claim on which relief may be granted. After reviewing Plaintiff's objections *de novo*, the Court agrees with the Magistrate Judge's recommendation and dismisses Plaintiff's claims in their entirety.

### A.  § 1983 Claim Against ODRC

Plaintiff's claim against ODRC must be dismissed because, under the Eleventh Amendment, states and their instrumentalities are immune from private citizen suits unless the state explicitly consents or Congress abrogates the states' immunity.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).  Since ODRC is an instrumentality of the state of Ohio and did not consent, Plaintiff's claims are barred by the Eleventh Amendment.  *See Lowe v. Ohio Dep't of Rehab.*, 168 F.3d 490 (6th Cir. 2008).

Plaintiff cites *Meekinson v. Ohio Dep't Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio Oct. 8, 1998) to show that the ODRC is not immune from suit.  (Pl.'s Obj. at 10.)  *Meekinson* was a discrimination case brought under Title VII, not an alleged constitutional violation under § 1983. Title VII claims against state instrumentalities are only permissible in federal court because Congress abrogated the states' sovereign immunity by enacting Title VII under the Enforcement Clause of the Fourteenth Amendment.  *See Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–73 (1987).  Congress has not done the same for § 1983 claims.  *See Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (allowing the plaintiff to bring Title VII claims against the state university but barring plaintiff's § 1983 claims).

### B.  § 1983 Claim Against Core Civic

Plaintiff's claims are properly dismissed against Core Civic. To state a claim under § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of a constitutional right.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Core Civic acts under the color of state law. *Thomas v. Coble*, 55 F. App'x. 748, 748 (6th Cir. 2003) ("A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of §1983."). A private entity that contracts to perform traditional state functions may be

sued pursuant to § 1983 "only if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)).

As the Magistrate Judge pointed out, Plaintiff Knowles fails to allege a Core Civic policy that caused him injury. In his objection, Plaintiff states that while he was at NEOCC, Defendant Wyman wronged him in multiple ways. (Pl.'s Obj. at 12.) Plaintiff's alleged injuries resulted from Defendant Wyman's conduct, not any alleged policy from Core Civic. When taking all of Plaintiff's allegations as true, he fails to state a claim against Core Civic.

### C. § 1983 Claims Against Vantell, Wyman, and Birch

Plaintiff's claims against Defendants Vantell, Wyman, and Birch are properly dismissed because they are barred by the statute of limitations. "Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Boddie v. Barstow*, No. 2:14-cv-0106, 2014 WL 2611321, at *3 (S.D. Ohio May 2, 2014), *report and recommendation adopted*, No. 2:14-cv-106 2014 WL 2608123 (S.D. Ohio June 11, 2014).

In Ohio, § 1983 claims have a two-year statute of limitations that begins "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 12 F.3d 642, 646 (6th Cir. 2009); R.C. 2305.10 (two-year statute of limitations). Plaintiff signed his Complaint on October 12, 2020, but these defendants' alleged conduct occurred between April and September 2018. In his objection, Plaintiff simply recounts the same facts about Defendants Vantell, Wyman, and Birch without additional dates, information, or arguments. (Pl.'s Obj. at 4–7, 11.) Plaintiff's claims against Defendants Vantell, Wyman, and Birch therefore are dismissed.

**D. § 1983 Claims Against NEOCC Warden, Witthrup, Sweezy-Milhoun, and Yauger**

Plaintiff's § 1983 claims against the other individual defendants are properly dismissed because Plaintiff fails to allege behavior violating the Eighth or Fourteenth Amendments that caused him injury. As the Magistrate Judge noted, "persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

Plaintiff alleges that Defendant Sweezy-Milhoun falsely told Plaintiff's mother that he was in segregation for exposing himself in inmates. (Pl.'s Obj. at 11.) Defendant Witthrup allegedly denied Plaintiff's request to decrease his security level. (*Id.*) Defendant Yauger allegedly held a security review without a written violation and wrongly accused Plaintiff of disrespecting staff. (*Id.* at 12.) Plaintiff does not allege specific facts about the NEOCC Warden. These allegations do not suggest unconstitutional behavior and did not result in injury to the Plaintiff. Therefore, the § 1983 claims are dismissed.

**E. State Law Claims**

Plaintiff's state claims are barred by Ohio's statutes of limitations. Plaintiff's medical malpractice claim is barred by the one-year statute of limitations because the incident took place around May 30, 2018, and he did not file a Complaint until October 2020. *See* R.C. 2305.113(A). Plaintiff's defamation and slander claims are also subject to one-year statutes of limitations. The alleged conduct occurred around September 2018 but he did not file a Complaint until October 2020. *See* R.C. 2305.11(a). Plaintiff's objection does not address the statute of limitations bar.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the Report and Recommendation, **ADOPTS** the Report and Recommendation (ECF No. 12), and **DISMISSES** the case. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**12/28/2021**                                             s/Edmund A. Sargus, Jr.
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**